# United States Court of Appeals for the Fifth Circuit

_____

No. 22-60624
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2023

Lyle W. Cayce
Clerk

Ames D. Ray,

*Petitioner—Appellant*,

*versus*

Commissioner of Internal Revenue,

*Respondent—Appellee.*

_____

Appeal from the United States Tax Court
USTC No. 14052-16

_____

Before Clement, Duncan, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Ames Ray appeals a U.S. Tax Court order denying his motion to reopen his deficiency proceedings. Because Ray fails to show "extraordinary circumstances which reveal a clear abuse of discretion," we AFFIRM.

## I.

On March 16, 2016, the Internal Revenue Service issued Ray a notice of deficiency concerning his 2014 federal income tax return, asserting a tax

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

deficiency of $53,988 and assessing a $9,883 accuracy-related penalty pursuant to I.R.C. § 6662(a), which applies to any underpayment attributable to one of the ten causes listed in § 6662(b). Ray filed a petition with the Tax Court challenging the deficiency and penalty. With respect to the accuracy-related penalty under § 6662(a), the Tax Court held that Ray was liable on two independent grounds: negligence of the rules or regulations (§ 6662(b)(1)) and substantial understatement of income tax (§ 6662(b)(2)).

Ray appealed the Tax Court's determination to this court, and we affirmed except for a portion of the penalty, which we determined fell under the "reasonable cause and good faith" exception of I.R.C. § 6664(c)(1). *Ray v. Comm'r*, 13 F.4th 467, 482–83 (5th Cir. 2021). We therefore remanded the case to the Tax Court to recompute the penalty. *Id.* at 483.

On remand, the Tax Court determined that no penalty was owed. Unsatisfied, Ray filed a motion to reopen in which he asked the Tax Court to consider alleged newly discovered evidence which Ray claimed had been concealed by the Commissioner, showed that the Commissioner knew from the outset of this case that Ray had not acted negligently, and thus entitled Ray to discovery sanctions against the Commissioner. The Tax Court denied Ray's motion, and he now appeals.

## II.

"The Tax Court's denial of a motion to reopen the record for admission of additional evidence is not subject to review except upon a demonstration of extraordinary circumstances which reveal a clear abuse of discretion." *Robinson v. Comm'r*, 70 F.3d 34, 39 (5th Cir. 1995) (internal quotation marks and citation omitted). The Tax Court "will not grant a motion to reopen the record unless, among other requirements, the evidence relied on is not merely cumulative or impeaching, the evidence is material to the issues involved, and the evidence probably would change the outcome of

the case." *Butler v. Comm'r*, 114 T.C. 276, 287 (2000), *abrogated on other grounds by Porter v. Comm'r*, 132 T.C. 203 (2009).

## III.

Ray has not demonstrated any extraordinary circumstances warranting review of the Tax Court's order. In its original decision, the Tax Court determined that the accuracy-related penalty under § 6662(a) was justified on either of two independent bases: negligence and substantial understatement. The evidence that Ray sought to introduce through his motion to reopen went only to the issue of negligence; it was irrelevant to the question of substantial understatement. Thus, there was no chance, much less probability, that this evidence would have changed the outcome of Ray's original Tax Court proceeding. At most, it would have eliminated negligence as a basis for the accuracy-related penalty, yet the Tax Court would have still enforced the penalty on the basis of substantial understatement.

Nor would this evidence have changed the outcome of Ray's subsequent proceedings either. Our court's previous remand was based on the reasonable cause defense; it did not overturn the Tax Court's ruling on either negligence or substantial understatement. *See Ray*, 13 F.4th at 482–83. So, that decision would have been the same as well, regardless of whether one or two bases for upholding the accuracy-related penalty had been presented to this court. And in the most recent Tax Court proceeding, the court determined that Ray owes *no* penalty, so that outcome would have been no different either (nor would Ray have wanted it to be).

Put simply, Ray did not meet the Tax Court's standard for granting a motion to reopen because he did not demonstrate that the new evidence he sought to introduce "probably would change the outcome of the case." *See Butler*, 114 T.C. at 287. And he certainly has not shown the sort of

No. 22-60624

"extraordinary circumstances" necessary to warrant our court's review of the Tax Court's denial. *See Robinson*, 70 F.3d at 39.

AFFIRMED.